CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 3 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| COREY B . THORPE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:09CV00045 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| OFFICER HILLMAN, ET AL., | ) | By: Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Corey B. Thorpe, a federal inmate proceeding pro se, brings this action as a civil

rights complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,

403 U.S. 388 (1971), with jurisdiction vested pursuant to 28 U.S.C. § 1331. In his complaint as

amended, Thorpe alleges that he was assaulted by other inmates at the United States Penitentiary

in Lee County, Virginia (USP Lee) after a prison official stated that Thorpe's loss of a bucket

during a cleaning detail was the reason for a search of the unit.[1] Defendants filed a motion to

dismiss/motion for summary judgment, asserting a qualified immunity defense. The court

granted a protective order as to discovery and directed Thorpe to respond on the issue of

qualified immunity. Thorpe responded, making the matter ripe for decision. Upon review of the

record, the court finds that defendants are entitled to summary judgment on the ground of

qualified immunity.

---

[1] Thorpe filed his complaint on a form designed for state inmates bringing civil rights claims
under 42 U.S.C. § 1983 against state officials. Thorpe, however, named as defendants Warden Terry
O'Brien, Officer Jonathan Hillman, and the Federal Bureau of Prisons (BOP); alleged that Hillman acted
with deliberate indifference to a serious risk of harm; and sought a jury trial. Accordingly, the court
construed and filed his complaint as a civil rights action arising under Bivens v. Six Unknown Named
Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). His claims against the BOP were dismissed by
separate order. Thorpe is now incarcerated at the Federal Correctional Institution in Butner, North
Carolina.

# I. Background

In his submissions, plaintiff alleges the following sequence of events on which his claims are based. (See Complaint, Dkt. No. 1; "Basis of Claim," Attach. to Dkt. No. 4; Amended Complaint, Dkt. Nos. 9, 18.) At the time of the incident, Thorpe was incarcerated at USP Lee. On September 10, 2007, at about 9:00 a.m., as part of his prison job, Thorpe set down some buckets in the unit where he was assigned. Officer Hillman counted the buckets and found one to be missing. He asked Thorpe where the bucket was. Thorpe told the officer that another inmate had stolen it from him, and Thorpe went to look for it. After an unsuccessful search, Thorpe returned to Hillman and said that he had not been able to find the bucket. With other inmates present, Hillman told Thorpe not to worry about it, that the officers would search the unit and find it. The officers then conducted a shakedown of the unit and found the bucket. During this search, the officers confiscated several items from other inmates. When these inmates tried to get their confiscated items returned to them, they "[were] informed that the search would not have happened if inmate Thorpe had found the item that had been stolen from him . . . [t]hus contributing [sic] the whole incident to inmate Thorpe."

About 4:45 p.m., another inmate approached Thorpe and asked him to come to his cell to talk for awhile. Once inside the cell, a second inmate struck Thorpe on the back of the head. The first inmate stabbed Thorpe 31 times and kicked him repeatedly, causing injury to his mouth and teeth. In addition, after the attack, Thorpe suffered from paranoia and anxiety and was transferred to a medical facility for mental health treatment. Ultimately, the assailants received federal charges and pleaded guilty to assault with intent to commit murder.

Thorpe alleges that Warden O'Brien is "ultimately responsible" for giving Hillman "the opportunity to incite the assault" against Thorpe. He asserts that the defendants failed to protect Thorpe and "are guilty of conspiring to have [him] killed."

Thorpe also submits unsworn statements from other inmates as additional evidence in support of his claims. (Dkt. No. 9.) One inmate states that he believes Thorpe was assaulted

because Hillman told other inmates, "Y'all are about to get shook down because of Thorpe."

Another inmate states that Hillman told him, "Thorpe . . . got the unit shook."[2]

## II. Discussion

### A.

Defendants assert that the complaint must be dismissed, because Thorpe failed to name them in their individual capacities. In the Bivens decision, 403 U.S. at 392, the United States Supreme Court recognized a cause of action against federal officials named in their individual capacities for infringements of constitutionally protected interests. Radin v. United States, 699 F.2d 681, 684 (4th Cir. 1983). A pro se plaintiff's civil rights action does not fail merely because he did not expressly plead that he is suing officials in their individual, rather than their official, capacities. Biggs v. Meadows, 66 F.3d 56, 60 (4th Cir. 1995). When a pro se plaintiff "does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings" and construe his pleadings liberally in determining whether he is suing officials in their personal capacities. Id. at 61.

Thorpe names Officer Hillman and Warden O'Brien as defendants and alleges that each of them personally took actions, or failed to take actions, in violation of Thorpe's constitutional rights. Accordingly, the court construes his complaint as raising claims under Bivens against the defendants in their individual capacities, and the motion to dismiss on the ground that plaintiff failed to name the defendants in their individual capacities will be denied.

### B.

Defendants argue that they are entitled to qualified immunity against Thorpe's claims. The doctrine of qualified immunity protects government officials performing discretionary functions from liability for civil damages where "their conduct does not violate clearly

---

[2] Defendant Hillman remembers that one or two buckets were missing from the cleaning closet on September 10, 2007 and that Thorpe was a unit orderly; however, Hillman does not recall that Thorpe informed him about a bucket being stolen from him that day, and he flatly denies that he told other inmates that Thorpe lost the bucket or that the shakedown was Thorpe's fault in any way. (Def. Ex. 2.)

established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). When a government official properly asserts the defense of qualified immunity, he is entitled to summary judgment if either: (1) the facts, taken in the light most favorable to the plaintiff, do not present the elements necessary to state a violation of a constitutional right; or (2) the right at issue was not clearly established at the time of the alleged misconduct. Henry v. Purnell, 501 F.3d 374, 377 (4th Cir. 2007) (citing Saucier v. Katz, 533 U.S. 194, 205 (2001)). As it is within the court's discretion to decide which of these questions to consider first, Pearson v. Callahan, ___ U.S. ___, 129 S. Ct. 808, 816 (2009), the court begins by considering whether Thorpe's allegations state a claim under the Eighth Amendment.

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation marks omitted). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To establish an Eighth Amendment claim in this context, the prisoner must satisfy two elements: (1) he must allege a "serious or significant physical or emotional injury resulting" from the official action he challenges, see De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); and (2) he must demonstrate that the prison officials acted with "deliberate indifference" to a substantial risk that he would suffer such harm. Farmer, 511 U.S. at 834. A prison official shows deliberate indifference if he is "aware of facts from which [he could infer] that a substantial risk of serious harm exists," draws such an inference that the risk exists, and fails to respond reasonably to the risk. Id. at 837, 844.

It is undisputed that the significant personal injuries Thorpe suffered in the September 10, 2007 assault constitute a "sufficiently serious" deprivation so as to satisfy the first element under Farmer. 511 U.S. at 834. Therefore, the question is whether Thorpe's allegations, taken in the light most favorable to him as required in addressing a motion for summary judgment, Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), are sufficient to show that Officer Hillman was aware that his statements to other inmates about Thorpe and the lost bucket placed Thorpe at significant risk of being assaulted. Farmer, 511 U.S. at 837.

The court finds that Thorpe's allegations are not sufficient to satisfy the second element under Farmer. Thorpe alleges that, in the presence of other inmates, Hillman asked him about the missing bucket and, after he was unable to find it, told him not to worry about it, because the officers would find it. He also alleges that when inmates asked for confiscated items to be returned, Hillman told them that the search would not have happened if Thorpe had found the stolen bucket. Thorpe further asserts that his inmate witnesses would testify that Hillman told other inmates, "Y'all are about to get shook down because of Thorpe" and "Thorpe . . . got the unit shook."

These statements relate directly to the officers' undisputed security interest in searching the unit to recover the stolen bucket, an item that became contraband once an inmate possessed it without permission. Nothing in any of Hillman's alleged statements reasonably suggested to other inmates that Thorpe had provided officers with any information other than the fact that the bucket was missing and believed stolen. Thus, no officer in Hillman's position could reasonably be expected to infer that these statements created a substantial risk that inmates would assault Thorpe.

Furthermore, Thorpe does not allege that he informed officials that he believed himself to be in danger because of the bucket incident or that he requested protection at any time prior to the assault. Indeed, removing Thorpe from the unit just before or after the search could reasonably have been interpreted by other inmates as an indication that he had given the officers inside information about other inmates' contraband.

Therefore, Thorpe's allegations fail to demonstrate that Officer Hillman knowingly created, or later knew of, any significant risk that Thorpe would be assaulted by other inmates in his unit on September 10, 2007. As Thorpe thus fails to allege facts sufficient to satisfy the

deliberate indifference element of the Farmer analysis, he fails to allege facts stating any Eighth Amendment claim against Defendant Hillman for failing to protect him. 511 U.S. at 837.

Thorpe's allegations, taken in the light most favorable to him, also state no constitutional claim that Defendant O'Brien failed to protect him. At the most, Thorpe makes conclusory assertions that the warden is responsible for placing Hillman in a position to "incite" the inmate assault against Thorpe and for conspiring not to protect him against inmate violence. Thorpe alleges no specific facts, however, indicating that O'Brien was personally involved in the incident on September 10, 2007 in any way. He does not allege that O'Brien knew, prior to the assault, about the missing bucket, Hillman's statements, the search of Thorpe's unit, or any reason Thorpe might be in danger at the hands of other inmates. Therefore, he fails to state any claim against O'Brien under Farmer. Id.

Moreover, Thorpe's conclusory allegations of conspiracy are insufficient to state any actionable claim against either of the defendants. See Ballinger v. North Carolina Agricultural Extension Service, 815 F.2d 1001 (4th Cir. 1987) (finding that essential element in claim of conspiracy to deprive plaintiff of his constitutional rights is agreement to do so among the alleged co-conspirators); Smith v. McCarthy, No. 09-6200, 2009 WL 3451714, *4 (4th Cir. 2009) (finding no error in granting qualified immunity to officers where plaintiffs failed to allege meeting of the minds as key element of conspiracy claim).

As Thorpe fails to allege facts stating any prima facie claim that the defendants violated his constitutional rights, they are entitled to qualified immunity against his claims for monetary damages. Henry, 501 F.3d at 377. Their motion for summary judgment must be granted on this ground.

## Conclusion

For the stated reasons, the court concludes that defendants' motion to dismiss must be denied, but that their motion for summary judgment on the ground of qualified immunity must be granted. An appropriate order will issue this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and counsel of record for the defendant.

ENTER: This ___3ʳᵈ___ day of February, 2010.

_Paul Conrad_
United States District Judge